UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-22704-CIV-O'SULLIVAN
[CONSENT]

ALBA CARDONA,
    Plaintiff,

v.

THE MASON AND DIXON
LINES, INC., NATIONAL
TRUCK LEASING a/k/a
NATIONAL TRUCK FUNDING and
TIMOTHY LEVERETTE, individually,
    Defendants.
_____/

## ORDER

THIS MATTER came before the Court on the Defendant, National Truck Leasing's Second Amended Motion for Summary Judgment (DE# 60, 1/6/17).

## BACKGROUND

On January 6, 2017, defendant National Truck Leasing (hereinafter "defendant")[1] filed the instant motion. See Defendant, National Truck Leasing's Second Amended Motion for Summary Judgment (DE# 60, 1/6/17) (hereinafter "Motion"). The plaintiff filed her response in opposition on March 1, 2017. See Plaintiff's Response to National Truck Leasing's Second Amended Motion for Summary Judgment (DE# 76, 3/1/17) (hereinafter "Response"). The plaintiff also filed several deposition transcripts. See Plaintiff's Notices of Filing (DE# 72-74, 3/1/17). The defendant filed its reply on March 8, 2017. See Defendant, National Truck Funding's Reply to Plaintiff's Response to Defendant's Second Amended Motion for Summary Judgment (DE# 79, 3/8/17)

---

[1] There are three defendants in the instant case. In this Order, the term "defendant" will refer only to National Truck Leasing a/k/a National Truck Funding.

(hereinafter "Reply").

This matter is ripe for adjudication.

## **FACTS**

At all relevant times, the defendant "[wa]s engaged in the business of renting and/or leasing commercial and heavy-duty trucks. . . ." Motion (DE# 60 at 2). On January 22, 2013, the defendant entered into a Commercial Truck Rental Agreement (hereinafter "Rental Agreement") with defendant Timothy Leverette. See Rental Agreement, Exhibit A to Affidavit of T. Alan Walls (DE# 33 at 6-11).[2] The defendant was the owner of the truck rented to Mr. Leverette. The Rental Agreement provided that "[Mr. Leverette] acknowledge[d] that he[ ] ha[d] inspected the Truck per the Attachment to [the Rental Agreement] and except as expressly noted, ha[d] agreed that the Truck [wa]s in a good and usable condition, with no apparent defects and fit for [Mr. Leverette]'s rental purpose. Id. at 7. Under the terms of the Rental Agreement, "[Mr. Leverette] agree[d] to maintain the Truck per the Payment and Maintenance Responsibilities section." Id. The "Payment and Maintenance Responsibilities" section

---

[2] The plaintiff objects to the admissibility of the Rental Agreement on hearsay grounds. See Response (DE# 76 at 4). The defendant responds that the plaintiff also cites to the Rental Agreement. See Reply (DE# 79 at 4). Although not substantively addressed by the parties, the Court will consider the Rental Agreement at the summary judgment stage under the business record exception to the hearsay rule. See Bowe v. Pub. Storage, 106 F. Supp. 3d 1252, 1262 (S.D. Fla. 2015) (denying motion to strike copies of rental agreements at the summary judgment stage because documents "likely f[e]ll under the business records exception to the rule against hearsay under Rule 803(6), and could be admissible at trial so long as [the proponent of the evidence] provide[d] testimony or certification from a records custodian.").

2

of the Rental Agreement stated, in pertinent part, that:

> 2. MAINTENANCE. **[Mr. Leverette] is responsible for maintenance of the Truck and agrees to maintain it in the operating condition**, as well as appearances, **as when, it was first rented by [Mr. Leverette]**. **[Mr. Leverette] agrees that he[ ] has inspected the Truck and accepts that the Truck is in good operating condition and appearance. [Mr. Leverette] agrees to maintain the Truck in approved U.S. Department of Transportation (DOT) condition at all times**. Specifically[, Mr. Leverette] must (i) change oil in the motor every 10,000 miles, transmission and rear ends at least every 100,000 miles, and to replace any tire which shows tread wear in excess of 50%. [Mr. Leverette] must i) send [the defendant] the maintenance receipts; ii) inspect the wheel seals, transmission seals, motor seals, look for and locate oil leaks; iii) inspect all gauges on the dash; in particular looking for low oil pressure and high water temperature. [Mr. Leverette] also agrees to maintain the Truck body, glass, and all interior appointments in good condition and agrees to maintain the air pressure system, brake system, heat and air conditioning system, electrical system, fuel system, exhaust system, and all other systems, attachments, appointments and finishes in good working condition and free from any defects or malfunctions. **[The defendant] is granted full access to inspect the entire interior and exterior of the Truck regardless of location**. Any failure of [Mr. Leverette] to maintain the Truck in good working condition as set forth herein shall be considered negligence and a breach of this Rental Agreement and shall permit [the defendant] to terminate this Rental Agreement and take possession of the Truck.
>
> 3. REPAIRS & ALTERATIONS. **[Mr. Leverette] must have prior written authorization from [the defendant] for any repairs in excess of $300.00 outside of the maintenance schedule listed above**. [Mr. Leverette] also understands he[ ] may not alter or modify the appearance of the vehicle, exterior and interior, except as required by haul company, without prior written authorization from [the defendant].

Id. at 8 (emphasis added).

On July 19, 2013, Mr. Leverette was driving the truck he had rented from the defendant when he collided with the plaintiff's vehicle. On "the same evening after the accident occurred, the [truck] passed a [United States Department of Transportation] inspection. . . ." Reply (DE# 79 at 2).

3

During this litigation, the defendant did not produced any maintenance records or photographs evidencing the condition of the truck before it was in Mr. Leverette's custody or after it was in Mr. Leverette's custody. Response (DE# 76 at 2-3). The defendant "has no knowledge as to the safety features that the truck [wa]s supposed to be equipped with" and "whether those safety features were in existence or not." Id. at 2. The defendant "does not have any record of any safety violations observed on the truck when it [wa]s in the custody of its renters or lessors." Id.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, the Court is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). That is, "[t]he moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th

Cir. 1991) (quoting Celotex, 477 U.S. at 323) (internal quotation marks omitted).

In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the Court must deny the motion and proceed to trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-movant, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court caused by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his or her bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

## ANALYSIS

The defendant seeks summary judgment in its favor under the Graves Amendment, 49 U.S.C. § 30106. The Graves Amendment provides that:

> (a) In general.– An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –
>
> > (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> >
> > (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

The plaintiff does not dispute that the defendant is engaged in the trade or business of renting or leasing motor vehicles and does not argue any criminal wrongdoing by the defendant. Thus, in order to avoid summary judgment, the plaintiff must show a genuine issue of material fact as to whether the defendant was negligent.

The plaintiff argues that the defendant owed a duty to maintain the truck even after it transferred the truck to Mr. Leverette pursuant to the rental agreement. The plaintiff argues that:

> under the lease at issue in this litigation, [the defendant] reserved the right to continual supervision of the fitness of the driver, and reserved the right to unilaterally terminate the rental agreement should it deem it appropriate, and required that [Mr. Leverette] name it as an additional insured on a policy of insurance. This included requiring that the truck not be used in a negligent manner, and retaining the right to revoke the lease for same. While it required [Mr. Leverette] to assume liability for negligent operation of the vehicle, it did not require [Mr. Leverette] to assume liability for improper safety equipment. Moreover, [the defendant] retained

6

> the right to retake the truck at any time if the truck were not being maintained properly.
>
> The agreement required [Mr. Leverette] to maintain the truck in the condition that it was rented, and did not require [Mr. Leverette] to make any improvements to bring the truck within common law or regulatory safety standards. Lease, Section V, paragraph 2. It identified certain types of maintenance expected, and did not include visual safety features of the vehicle. Finally, and most importantly, [the defendant] retained the right to inspect the truck on an ongoing basis and retake the truck if, in its opinion, the truck was not being maintained in a safe condition. In paragraph 3, [the defendant] required approval of any maintenance on the vehicle in excess of $300.

Response (DE# 76 at 4-5). The plaintiff argues that for these reasons "[the defendant] did not transfer custody and control to [Mr. Leverette], and maintained at all times the right to access, inspect, and repair the vehicle for safe use on the roadways. . . ." Id. at 5.[3] The defendant asserts that, under the terms of the Rental Agreement, it did not have a duty to maintain the truck after it was transferred to Mr. Leverette. See Reply (DE# 79 at 6) (stating that it was "not responsible for ensuring the safety or fitness of a leased vehicle; rather the responsible party is the trucking company whose DOT number is on the leased vehicle.").

Even assuming, arguendo, that the plaintiff's interpretation of the Rental

---

[3] The plaintiff is somewhat inconsistent in her position because, in some instances, she seems to argue that the relevant time period for liability purposes is when the defendant transferred the truck to Mr. Leverette. See, e.g., Response (DE# 76 at 1) (stating that "a reasonable jury could infer that the . . . truck was in defective condition **at the time of its transfer to [Mr.] Leverette** . . . ."); id. at 6 (stating that "it is [defendant]'s affirmative duty to prove that there were no defects on the [truck] **when transferred**") (emphasis added). If, as the plaintiff argues, the defendant continued to have a duty to maintain the vehicle and ensure its safety even after Mr. Leverette took possession of it, the relevant time period should be at the time of the accident, not at the time the truck was transferred to Mr. Leverette. In any event, this apparent inconsistency does not affect the Court's conclusion that the defendant is entitled to summary judgment.

7

Agreement is correct – that the defendant still retained the duty to maintain the vehicle after its transfer to Mr. Leverette – the defendant would still be entitled to summary judgment. "The essential elements of negligence from which liability will flow are duty, breach of duty, legal cause and damage." Florida Power & Light Co. v. Lively, 465 So. 2d 1270, 1273 (Fla. 3d DCA 1985). Here, the plaintiff must point to evidence which would create an issue of fact as to whether the truck was in a defective condition.

The plaintiff states that the "[t]ransfer of a faulty vehicle to a lessee in an unsafe condition is an act of negligence. . . ." Response (DE# 76 at 4). The plaintiff further argues that "a reasonable jury could infer that the . . . truck was in defective condition at the time of its transfer to [Mr.] Leverette, causing a blind spot for him at the time of the accident." Response (DE# 70 at 1); id. at 6 (stating that "a jury is . . . entitled to infer that the safety mirrors on the truck were inadequate"). However, the plaintiff does not point to facts in the record which would allow a reasonable jury to reach that conclusion. The plaintiff does not cite to any transcript, record, report, affidavit, declaration or interrogatory response establishing the condition of the safety mirrors on the truck at the time of the accident or any evidence which would indicate their defectiveness.

"At the summary judgment stage, Plaintiff must come forward with **facts and evidence** to support his [or her] argument . . . ." Sierra v. Port Consol. Jacksonville, L.L.C., No. 3:14-CV-1496-HES-JBT, 2016 WL 927189, at *5 (M.D. Fla. Mar. 4, 2016) (emphasis added). The plaintiff has failed to carry her burden. The plaintiff does not cite to any record evidence which would support a finding by the jury that the truck was

8

faulty or unsafe.[4] Notably, the truck was able to pass an inspection by the United States Department of Transportation on the same evening of the accident.[5] At this juncture, the plaintiff cannot rely on mere allegations or argument of counsel. The plaintiff must be able to "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" from which a reasonable jury could find that the defendant engaged in negligence. Fed. R. Civ. P. 56(c)(1)(A). The plaintiff has not done so.

The plaintiff also argues that "[a]t the very least, the complete maintenance records related to the vehicle should be produced prior to any ruling on the motion." Response (DE# 76 at 6). At the time the plaintiff filed her response to the instant motion, the discovery period had not yet ended. To date, the plaintiff has not supplemented the record with these missing maintenance records or sought to compel

---

[4] While the plaintiff has filed four deposition transcripts (DE# 72-75), the plaintiff only provides page number citations to the deposition of Apryl Hill, the defendant's 30(b)(6) corporate representative. The pages of Ms. Hill's testimony cited by the plaintiff do not establish a defect with the truck. The Court is under no obligation to comb through the record in search of evidence which would support the plaintiff's position. See Pk Studios, Inc. v. R.L.R. Investments, LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 6893935, at *2 (M.D. Fla. Nov. 23, 2016) (stating that "[i]t is not the Court's job to search the [pleadings] for facts that might support a particular claim for relief.") (citation omitted; second bracket in original).

[5] The plaintiff summarily states that "[t]he safety report produced is inadmissible hearsay," but does not brief this issue. Response (DE# 76 at 6). Even excluding this report, the defendant would still be entitled to summary judgment because the plaintiff has not presented any evidence that the truck was defective. The plaintiff argues that it is the defendant's "affirmative duty to prove that there were no defects on the vehicle when transferred . . . ." Id. However, it is the plaintiff who has asserted a negligence claim against the defendant in Count III of her Complaint. It is the plaintiff, not the defendant, who has the burden of proof.

the records by setting the matter on the Court's discovery calendar. The discovery period has since expired. The parties were given ample time to engage in discovery and the plaintiff has not established "excusable neglect to justify [a] motion to reopen discovery under Rule 6(b)." <u>Ashmore v. Sec'y, Dep't of Transp.</u>, 503 F. App'x 683, 686 (11th Cir. 2013) (concluding that "the district court did not abuse its discretion when it declined to reopen the discovery period" after the summary judgment motion had been filed).

In sum, the plaintiff has not shown that the negligence exception to the Graves Amendment applies in the instant case.

## **CONCLUSION**

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendant, National Truck Leasing's Second Amended Motion for Summary Judgment (DE# 60, 1/6/17) is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida this **31st** day of May, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record