UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-22704-CIV-O'SULLIVAN

[CONSENT]

ALBA CARDONA,
    Plaintiff,

v.

THE MASON AND DIXON LINES,
INCORPORATED, et al.,
    Defendants.
_____/

## ORDER

THIS MATTER came before the Court on the Defendants' Motion in Limine Regarding the Florida Traffic Crash Report (DE# 61, 1/9/17) and the Defendants' Motion to Strike Plaintiff's Expert Witnesses (DE# 82, 3/27/17).[1]

## ANALYSIS

**1. Florida Traffic Crash Report**

This action arises from a vehicular accident which took place on July 19, 2013 when the truck driven by defendant Timothy Leverette collided with the plaintiff's car. The defendants seek to exclude portions of the accident report[2] prepared by Trooper

---

[1] On May 30, 2017, the defendants filed Defendants' Amended Motion to Strike Plaintiff's Expert Witnesses (DE# 94, 5/30/17). The defendants acknowledge that they are filing this amended motion to include exhibits which were not attached to their initial Defendants' Motion to Strike Plaintiff's Expert Witnesses (DE# 82, 3/27/17). Because the substance of both motions is the same, the Court will address the initial motion and DENY as moot Defendants' Amended Motion to Strike Plaintiff's Expert Witnesses (DE# 94, 5/30/17).

[2] There were two accident reports in the instant case: the original report dated on the day of the accident and an updated report dated September 26, 2013. The updated report indicated that the plaintiff did not contribute to the accident whereas the original report stated that the plaintiff had "OPERATED MOTOR VEHICLE IN CARELESS OR

H.E. Gracey of the Florida Highway Patrol, who responded to the accident. See Motion in Limine Regarding the Florida Traffic Crash Report (DE# 61, 1/9/17). The defendants argue that "the narrative contained in the accident report" should be excluded as inadmissible hearsay under Fed. R. Evid. 802 because Trooper Gracey did not observe the accident and therefore, necessarily relied on statements of witnesses in drafting the narrative. Id. at 1, 5. The defendants further argue that Trooper Gracey's "opinions and legal conclusions, including estimates of damage to the vehicles involved, speculations regarding the drivers' actions and whether or not each drivers' actions contributed to the accident" should be excluded as unduly prejudicial under Fed. R. Evid. 403 because they are "speculative and not findings of fact." Id. at 5.[3]

    The plaintiff maintains that the narrative should not be excluded because Trooper Gracey was already on the scene by the time Mr. Leverette's truck came to a stop and therefore "it is entirely possible that Trooper Gracey actually witnessed the incident." Response (DE# 80 at 3). The plaintiff noted that Trooper Gracey did not appear for deposition. Therefore, the plaintiff has not established that Trooper Gracey in fact witnessed the accident. The plaintiff also argues that "[s]kid marks are an effective indicator of what lane vehicles are in at the time of accidents, and also of which vehicle was intruding on the other's lane of travel at the time of impact."

---

NEGLIGENT MANNER." See Updated Report (DE# 1-4 at 14) (capitalization in original). The plaintiff characterizes this change in the updated report as a clerical error.

    [3] The defendants also argue that the traffic citation issued to Mr. Leverette should be excluded. Motion (DE# 61 at 6, 1/9/17). However, the plaintiff does not intend on introducing this evidence. See Response (DE# 80 at 2, 3/15/17) (stating that the "citation is not being offered to the jury in this lawsuit.").

2

Response (DE# 80 at 2-3). However, the plaintiff does not cite to any portion of the report indicating that Officer Gracey observed skid marks on the highway. The plaintiff also relies on Fla. Stat. §316.066, Florida's accident report privilege, for the proposition that "[t]he privilege does not preclude admission of the tangible evidence of an automobile accident, such as 'location of accident, vehicles' locations, skidmarks, damage to vehicles, all observed by the investigating officer. . . . All this information ordinarily appears on the accident report prepared by the investigating police officer and it is clearly admissible at trial.'" Id. at 4-5 (quoting Brackin v. Boles, 452 So.2d 540, 544 (Fla. 1984)).

The plaintiff further argues that the defendants have waived the issue of admissibility of the accident report because the defendants' accident reconstructionist relied on the accident report in forming her opinions. Response (DE# 80 at 3). The plaintiff also argues that the defendants opened the door to this evidence by providing it to their accident reconstructionist. Id. at 5. This argument lacks merit because it is entirely reasonable, and indeed expected, for an accident reconstructionist to review the accident report in formulating her opinions. See Knight through Kerr v. Miami-Dade Cty., No. 15-10687, 2017 WL 1755573, at *6 (11th Cir. May 5, 2017) (stating "we have long recognized, an expert may rely on hearsay evidence as part of the foundation for his opinion so long as the hearsay evidence is the type of evidence reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject.") (citation and internal quotation marks omitted).

In their reply, the defendants add that "crash report diagrams based on the observations and statements of persons other than the reporting officer are [also]

improper." Reply (DE# 81 at 2).

The parties are in agreement that Florida's accident report privilege applies to the instant case. See Response (DE# 80 at 4); Reply (DE# 81 at 2) (stating that "Florida law . . . restricts the admissibility of crash reports, in that reports and statements made by a person involved in a crash to a law enforcement officer for the purpose of completing a crash report may not be used as evidence in any trial.").

Under the accident report privilege:

> [E]ach crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. Such report or statement may not be used as evidence in any trial, civil or criminal.

Fla. Stat. §316.066(4). Accordingly, the portions of the crash report and the updated crash report which are based on the statements and observations of individuals involved in the crash (including the diagrams) are excluded from the evidence presented at trial. See Hammond v. Jim Hinton Oil Co., 530 So. 2d 995, 997 (Fla. 1st DCA 1988) (stating that "[b]ecause some of the information used to construct the diagrams was not based on first-hand knowledge and was based in part on the testimony of a driver of one of the vehicles involved in the accident, the diagrams were privileged under § 316.066 and it was error to admit them into evidence."). Estimates of damage to the vehicles are within Trooper Gracey's observations and therefore not excluded from trial.

Officer Gracey's assessment of fault for the accident is excluded as unduly prejudicial under Rule 403. See Angelucci v. Gov't Employees Ins. Co., 412 F. App'x 206, 210 (11th Cir. 2011) (noting that "Florida courts have observed that juries accord

4

special weight to the testimony of a police officer.").

**2.     Plaintiff's Experts**

The defendants seek to exclude the plaintiff's experts for failure to produce expert reports. Rule 37(c)(1) of the Federal Rules of Civil Procedure states that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37 (c)(1). "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" Dyett v. North Broward Hosp. Dist., 2004 WL 5320630, *1 (S.D. Fla. Jan. 21, 2004) (citation omitted). Courts consider the following factors in assessing substantial justification or harmlessness:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012), aff'd in part, 505 F. App'x 928 (11th Cir. 2013) (citation omitted).

The plaintiff has failed to show substantial justification for her failure to provide timely expert reports. The plaintiff argues that the expert reports cannot be completed until her treating physicians have been deposed and additional documents have been obtained relating to Mr. Leverette's truck. Response (DE# 83 at 5-6).[4] On January 19,

---

[4] In their reply, the defendants assert that they have "followed up with Mr. Leverette" and that there are "no additional documents in his possession." Reply (DE# 84 at 5).

5

2017, the Court entered a Scheduling Order establishing the March 1, 2017 deadline for expert reports. See Order Setting Pretrial Conference and Trial Date (DE# 65, 1/19/17). If the plaintiff believed that she needed additional time to obtain deposition testimony or additional documents to complete the expert reports, it was incumbent upon her to file a motion well in advance of the expert report deadline. The plaintiff has also failed to show that there was no harm to the defendants. Fact discovery and expert discovery deadlines have expired and trial is set for July 10, 2017. For these reasons, the Court finds that the plaintiff's failure to produce expert reports was neither substantially justified nor harmless.

The plaintiff seeks to strike the defendants' accident reconstruction expert and orthopedic expert on the ground that those expert reports were not timely produced. Response (DE# 83 at 6). This argument lacks merit. The attachment to the Response shows that the defendants served an Amended Notice of Serving Experts' Reports on March 2, 2017, the day after expert report deadline. See Attachment J to Response (DE# 83-10, 4/10/17). The notice itself indicates that the amendment was necessitated "only to include Google Earth Photographs to [the defendant's accident reconstruction expert]'s report." Id. at 1 (capitalization omitted). The plaintiff has not cited to any authority prohibiting a party from making an amendment to an expert report one-day after the expert reports deadline has passed. Moreover, the plaintiff has not shown that the defendants' March 2, 2017 service of amended expert reports or the addition of Google Earth photographs caused her prejudice.

## CONCLUSION

Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Motion in Limine Regarding the Florida Traffic Crash Report (DE# 61, 1/9/17) is **GRANTED** in accordance with this Order. It is further

ORDERED AND ADJUDGED that the Defendants' Motion to Strike Plaintiff's Expert Witnesses (DE# 82, 3/27/17) is **GRANTED**. The plaintiff's experts, Kevin Breen and Paul Ramos, are hereby **STRICKEN**. It is further

ORDERED AND ADJUDGED that the Defendants' Amended Motion to Strike Plaintiff's Expert Witnesses (DE# 94, 5/30/17) is **DENIED as moot**.

DONE AND ORDERED in Chambers at Miami, Florida this **31st** day of May, 2017.

     _____
     JOHN J. O'SULLIVAN
     UNITED STATES MAGISTRATE JUDGE

Copies to: All counsel of record