UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-22704-CIV-O'SULLIVAN

[CONSENT]

ALBA CARDONA,

    Plaintiff,

v.

THE MASON AND DIXON
LINES, INC. and TIMOTHY LEVERETTE,

    Defendants.
    _____/

## ORDER

THIS MATTER came before the Court on the Plaintiff's Rule 59(a)(1)(A) Motion for New Trial and Incorporated Memorandum of Law (DE# 165, 8/10/17) and the Defendants' Motion to Strike the Post-Trial [P]roffer . . . of Trooper Harold Gracey's Testimony and Declaration of Trooper Harold Gracey as Proffer of Testimony (DE# 172, 8/24/17).

## BACKGROUND

On July 13, 2017, the jury rendered a verdict in favor of the defendants and against the plaintiff. See Verdict (DE# 140, 7/13/17). On the same day, the Court entered a final judgment in accordance with the verdict. See Final Judgment (DE# 141, 7/13/17).

The plaintiff filed the instant motion on August 10, 2017. See Plaintiff's Rule 59(a)(1)(A) Motion for New Trial and Incorporated Memorandum of Law (DE# 165, 8/10/17) (hereinafter "Motion for New Trial"). The following day, the plaintiff filed the

declaration of Trooper Harold Gracey. See Plaintiff's Notice of Filing Proffer (DE# 168, 8/11/17) (hereinafter "Proffer").[1] The defendants filed their response in opposition to the instant motion on August 22, 2017. See Defendants' Response to Plaintiff's Motion for New Trial and Incorporated Memorandum of Law (DE# 171, 8/22/17) (hereinafter "Response"). The plaintiff filed her reply on August 29, 2017. See Plaintiff's Reply Memorandum in Support of Rule 59(a)(1)(A) Motion for New Trial (DE# 165) (DE# 174, 8/29/17) (hereinafter "Reply").

This matter is ripe for adjudication.

## ANALYSIS

The decision to grant a new trial pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure is within the Court's discretion. Burger King Corp. v. Mason, 710 F.2d 1480, 1486 (11th Cir. 1983). Rule 59(a)(1)(A) states that a court may grant a motion for new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A Rule 59 motion for new trial "is governed by a less stringent standard" than "a renewed motion for judgment as a matter of law under Rule 50(b)." George v. GTE Directories Corp., 195 F.R.D. 696, 701 (M.D. Fla. 2000). When ruling on a Rule 59(a) motion for new trial, the trial judge must determine "if in his opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice." Ins. Co. of N.A. v. Valente, 933 F.2d 921, 923 (11th Cir. 1991) (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th

---

[1] The defendants moved to strike the proffer. See Defendants' Motion to Strike the Post-Trial [P]roffer . . . of Trooper Harold Gracey's Testimony and Declaration of Trooper Harold Gracey as Proffer of Testimony (DE# 172, 8/24/17) (hereinafter "Motion to Strike"). Because the Court's consideration of the Proffer does not affect the undersigned's ruling, the defendants' Motion to Strike will be DENIED as moot.

Cir. 1984)).

The plaintiff argues that she is entitled to a new trial because: (1) "Trooper Gracey was not permitted to testify as to his conclusions at trial, and his report setting forth those conclusions and its supporting diagram were stricken on the basis of the Florida accident report privilege" and (2) the Court struck Paul Ramos who could testify as to the plaintiff's fall risk and current care needs. See Motion for New Trial (DE# 165 at 1-4).

At the outset, the undersigned notes that the jury found defendant Timothy Leverette not liable. Therefore, the jury never reached the question of damages. See Verdict (DE# 140, 7/13/17). As such, the Court's exclusion of witness Paul Ramos had no impact on the jury's verdict. The Court is also unpersuaded by the plaintiff's argument that the striking of Mr. Ramos as a witness somehow impinged on the credibility of the plaintiff.[2]

The plaintiff is also not entitled to a new trial on the ground that Trooper Harold Gracey's testimony was improperly limited at trial or that portions of the accident report were improperly excluded from the evidence. In the instant case, Trooper Gracey did not witness the accident and was not listed as an expert. On a motion in limine, the Court ruled that "the portions of the crash report and the updated crash report which

---

[2] The plaintiff states "Defendants do not dispute the impact of [Mr. Ramos'] absence on Plaintiff's overall credibility. That much is uncontested." Reply (DE# 174 at 5). The defendants did not specifically address what effect, if any, Mr. Ramos' testimony would have had on the plaintiff's crediblity. The defendants' not addressing this portion of the plaintiff's argument is different from the defendants "not disputing" that the exclusion of Mr. Ramos' testimony had an impact on the plaintiff's credibility. In any event, the undersigned presided over the trial and finds no correlation between the exclusion of Mr. Ramos' testimony and the plaintiff's credibility.

[were] based on the statements and observations of individuals involved in the crash (including the diagrams) [would be] excluded from the evidence presented at trial," but permitted "[e]stimates of damage to the vehicles" because those were "within Trooper Gracey's observations." Order (DE# 96 at 4). The Court also ruled that "[Trooper] Gracey's assessment of fault for the accident [would be] excluded as unduly prejudicial under Rule 403." Id. Consistent with these rulings, Trooper Gracey was permitted to testify about his observations when he arrived at the scene of the accident:

> A. I was patrolling 826 eastbound in the area of Northwest 12th Ave at which time I observed eastbound traffic coming to a stop. I was on the FHP motorcycle. I passed traffic on the right shoulder. And as the traffic, the front of the traffic was stopped, I noticed a Nissan Sentra upside down in the eastbound lanes.
>
> ***
>
> Q. What physical evidence was there on the roadway?
>
> A. Well, I walked backwards from where the final rest of the [plaintiff's car] was and took the scuff marks, yaw marks, back to the wall, the median wall that was struck, and then on the southwesterly course back to the initial impact.

Trial Transcript (DE# 160 at 218, 7/24/17). He was permitted to explain to the jury what yaw marks were and how they were made. Id. He told the jury where he observed the yaw marks and where the yaw mark began:

> Q. And you saw yaw marks of Alba Cardona's tires?
>
> A. Yes.
>
> Q. And where were those yaw marks?
>
> A. They started in lane No. 3, continued on a northerly path until they struck the wall, and rotated off the wall and then overturned.
>
> Q. Okay. So you ascertained from your investigation that the yaw marks

4

began in the lane that [the plaintiff] was driving in?

A. Yes.

Id. at 216, 218-19.

However, when the plaintiff's counsel asked Trooper Gracey if "[b]ased on the fact that the yaw marks began in [the plaintiff]'s lane, d[id] that indicate to [Trooper Gracey] . . . that the impact to the vehicle was from . . . [defendant] Leverette['s] vehicle, not the [plaintiff's] vehicle," the Court sustained the defendants' objection. Id. at 219. The following exchange took place between the plaintiff's counsel and the Court:

> MS. PHILLIPS: Okay. Your Honor, may I respond to his objection for the record?
>
> THE COURT: Sure.
>
> MS. PHILLIPS: He is not listed as an expert. He was listed as the responding officer. And Your Honor did strike his report based on the accident privilege, but that doesn't preclude him from rendering his opinion as an officer with training as to how this happened.
>
> THE COURT: No, I didn't actually specifically exclude that.
>
> MS. PHILLIPS: Okay.
>
> THE COURT: He can testify to what he saw, so he can tell us if he saw a skid mark or he saw a dent on the car or anything like that, but he can't give us a conclusion of what that, you know, meant to him or what opinion he formed. He can't tell us what opinion he formed in regards to, you know, how the accident happened or who was at fault or anything like that.
>
> MS. PHILLIPS: **Even if it's not based on interviews with the witnesses? Even, if it's just based on physical evidence?**
>
> THE COURT: **Right. He can tell us his observations, that's it, not his conclusions.**

Id. at 219-20 (emphasis added). The Court's rulings at trial were consistent with the

5

prior Order (DE# 96) on the motion in limine.

"[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." United States v. Ebron, 683 F.3d 105, 136-37 (5th Cir. 2012) (internal citation and quotation marks omitted). Trooper Gracey was not listed as an expert witness. Therefore, he could not testify as an expert. Rule 701 of the Federal Rules of Evidence provides that lay opinion testimony "is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

In United States v. Marshall, the Eleventh Circuit stated that

> the opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation – for example, a witness' opinion that a person with whom he had spoken was drunk, or that a car he observed was traveling in excess of a certain speed.

173 F.3d 1312, 1315 (11th Cir. 1999). In certain instances, police officers have been permitted to testify concerning routine police procedures provided they satisfied the requirements of Rule 701. See, e.g., United States v. Williams, 865 F.3d 1328 (11th Cir. 2017) (stating that the district court did not abuse its discretion by permitting lay opinion testimony from Coast Guard witnesses "that the jettisoned objects they saw through [a forward-looking infrared system] resembled cocaine bales found in previous drug interdictions."); United States v. Benford, 479 F. App'x 186, 194 (11th Cir. 2011) (finding that the district court did not plainly err in admitting police officer's testimony that drug

6

dealers usually carry weapons where "it was sufficiently based on [witness]'s perceptions and observations as a police officer to be proper lay witness opinion under Rule 701."); United States v. LeCroy, 441 F.3d 914, 927 (11th Cir. 2006) (determining that police officer's testimony that "a blood stain on the back of [the victim's] shirt appeared to have been made by someone wiping a bloody knife off on the shirt" was admissible under Rule 701).

"Under Federal Rule of Evidence 701, lay witnesses are permitted to give opinions so long as they are 'rationally based on the witness's perception,' 'helpful to clearly understanding the witness's testimony or to determining a fact in issue,' and 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" Williams, 865 F.3d at 1328 (quoting Fed. R. Evid. 701). Importantly, "[t]he central question . . . is whether the . . . witnesses' testimony [is] based on 'scientific, technical, or other specialized knowledge,' such that it [would be] governed by Rule 702's expert testimony requirements rather than Rule 701's lay opinion standard." Id. Here, the plaintiff sought to use Trooper Gracey to present opinion testimony as to *how* the accident happened. Because Trooper Gracey did not witness the accident, any testimony as to how he believed the accident occurred would have required that he employ methodologies akin to those of an accident reconstructionist. Such testimony would have been beyond the proper scope of lay opinion testimony and constituted expert testimony subject to the safeguards of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and the benefits of timely Rule 26 expert disclosures.

Lastly, the Court is unpersuaded that defense counsel's solicitation of testimony

referencing insurance and his allegedly improper statements to the jury warrant a new trial.

The plaintiff is not entitled to a new trial. The jury heard testimony from the plaintiff and from defendant Leverette as to how they believed the accident happened. The jury weighed the evidence and made credibility determinations. Considering the plaintiff's arguments individually and as a whole, the plaintiff has not shown that the verdict is against the clear weight of the evidence or that it resulted in a miscarriage of justice.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Rule 59(a)(1)(A) Motion for New Trial and Incorporated Memorandum of Law (DE# 165, 8/10/17) is **DENIED**. It is further

ORDERED AND ADJUDGED that the Defendants' Motion to Strike the Post-Trial [P]roffer . . . of Trooper Harold Gracey's Testimony and Declaration of Trooper Harold Gracey as Proffer of Testimony (DE# 172, 8/24/17) is **DENIED as moot**.

DONE AND ORDERED in Chambers at Miami, Florida this ___1___ day of September, 2017.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record