UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-22704-CIV-O'SULLIVAN

[CONSENT]

ALBA CARDONA,

    Plaintiff,

v.

THE MASON AND DIXON
LINES, INC. and TIMOTHY LEVERETT,

    Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Bill of Costs (DE# 166, 8/11/17) and the Supplemental Bill of Costs (DE# 189, 10/2/17)[1] filed by the defendants.

## BACKGROUND

On July 13, 2017, the jury rendered a verdict in favor of the defendants and against the plaintiff. See Verdict (DE# 140, 7/13/17). On the same day, the Court entered a final judgment in accordance with the verdict. See Final Judgment (DE# 141, 7/13/17). The defendants now seek to recover costs pursuant to Title 28, United States Code, Section 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure. See Memorandum in Support of Defendants, The Mason and Dixon Lines, Incorporated and Timothy Leverett's, Bill of Costs (DE# 167 at 1, 8/11/17).

---

[1] The defendants' initial Bill of Costs (DE# 166) sought to recover $18,615.65 in costs. The defendants' Supplemental Bill of Costs (DE# 189) reduced this number to $18,337.19. The defendants did not provide an explanation for this reduction.

## ANALYSIS

**1. ENTITLEMENT**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). In the instant case, the Court entered a judgment in favor of the defendants and against the plaintiff. See Final Judgment (DE# 141, 7/13/17). As such, the defendants are the prevailing party and are entitled to recover taxable costs.

**2. ABILITY TO PAY**

The plaintiff argues that the defendants' request for costs should be denied in its entirety because the plaintiff does not have the ability to pay those costs. See Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 9, 9/25/17). In support of this argument, the plaintiff has filed an affidavit. See Affidavit of Alba Cardona in Opposition to Defendant's Bill of Costs and Defendant's Memorandum of Law in Support of Same (DE# 186-1, 9/25/17) (hereinafter "Plaintiff's Affidavit"). In her affidavit, the plaintiff attests that she is 74 years old and on a fixed monthly income of $851.00 which she receives from the Social Security Administration. Id. at ¶ 5. She further attests that she has $900.00 in her bank account and no other accounts. Id. at ¶ 4. The plaintiff also states that she relies on "family tenants" to help pay her mortgage and has no additional assets or other sources of income. Id. at ¶7. The plaintiff

2

concludes that she is "not in an economic position to satisfy any costs in this matter . . . ." Id. at 9.

The defendants respond that the Court should not consider the plaintiff's financial state in awarding costs to the defendants. Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 9, 10/2/17). The defendants note that the plaintiff's affidavit is not sufficiently detailed and that the plaintiff could pay costs over time. Id.

The Court finds that there is no justification to reduce a cost award based solely on the plaintiff's alleged inability to satisfy a judgment. See Mathews v. Crosby, 480 F.3d 1265, 1276-77 (11th Cir. 2007) (affirming an award of costs despite a claim of indigence because the district court had no "sound basis to overcome the strong presumption that a prevailing party is entitled to costs") (citing Chapman v. Al Transp., 229 F.3d 1012, 1023-24 (11th Cir. 2000)). In the instant case, there is an insufficient showing for the Court to conclude that the plaintiff is unable to pay the award of costs. The plaintiff does not specify how much her tenants contribute towards her mortgage or list her monthly expenses. "This Court requires substantial documentation of a true inability to pay for [it to] reduce the amount of costs to be paid, and may not decline to award any costs at all." Perez v. Saks Fifth Ave., Inc., No. 07-21794-CIV, 2011 WL 13172510, at *11 (S.D. Fla. Feb. 14, 2011).

3.  **TAXABLE COSTS**

Title 28, United States Code, Section 1920 sets out the specific costs that may be recovered:

A judge or clerk of any Court of the United States may tax as costs the following:

3

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920. In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). Accordingly, the defendants may only recover those costs they are entitled to recover under 28 U.S.C. §1920.

### a. Fees of the Clerk

The defendants seek to recover $400.00 paid to the Clerk of the Court as a filing fee. This amount was incurred when the defendants removed the case from state court to this Court. Section 1920(1) permits the recovery of "[f]ees of the clerk and marshal," 28 U.S.C. § 1920(1). The plaintiff does not dispute this amount. See Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 3, 9/25/17). Accordingly, the Court will allow the defendants to recover **$400.00** for filing fees.

### b. Fees for Service of Summons and Subpoena

The defendants seek to recover $8,051.50 for fees incurred in the service of summonses and subpoenas. At the outset, the undersigned notes that there appears to be a $58.00 discrepancy between the amount claimed on the Supplemental Bill of Costs (DE# 189) ($8,051.50) and the amount calculated by adding the itemized costs in Exhibit "A" of the defendant's reply ($7,993.50). Accordingly, the Court will start with the lower number.

The plaintiff objects to the award of costs on the ground that "Defendants . . . fail to show that these fees for subpoenas (mostly for discovery subpoenas, apparently) are taxable, or that they were reasonable and necessary for use in the case." Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 3-4, 9/25/17) (citation and footnote omitted). In their reply, the defendants explain that "[t]he majority of the subpoenas were issued to third parties for records relating to Plaintiff and her alleged injuries" and note that "[t]he costs of obtaining medical records in a personal injury case are clearly allowable under Rule 54(d) since they were necessarily obtained for use in the case." Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 3, 10/2/17).

Private process server fees may be taxed. E.E.O.C., 213 F.3d at 623. The Court finds that the service of some of these subpoenas were necessary. The plaintiff was involved in a traffic accident and sustained serious injuries. The nature and extent of the plaintiff's injuries were issues in the case. However, certain reductions to the costs sought in this category are necessary for the reasons stated below.

### 1. Multiple Attempts at Service

The plaintiff further states that:

> [i]t is not clear – and Defendants fail to explain – why they served subpoenas on approximately 80 different entities (sometimes the same entity was served multiple times or at various addresses), which are not shown to be necessary or reasonable. Indeed, in excess of 33 of the entities subpoenaed do not appear anywhere in the parties' disclosures or witness/exhibit lists.

Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 4, 9/25/17) (footnote omitted). The plaintiff lists the 33 entities by name in footnote 2 of her motion. Id. at 4 n.2. The plaintiff further notes that "at least a dozen entities were subpoenaed multiple times" and again lists those entities in a footnote. Id. at 5, 5 n.3. The plaintiff argues that these duplicative subpoenas were unnecessary and not reasonable for use in the case. Id. at 5. The plaintiff also argues that the defendants should not be awarded costs for multiple attempts to serve the subpoenas at additional addresses and identifies these multiple attempts at service by invoice number. Id. at 5, 5 n.4.

The defendants state that some "providers or facilities actually had different locations or had moved from previous locations or had different addresses for billing records only or providers had left the prior facilities and moved to new facilities" and that it was necessary "to serve additional subpoenas upon some of the providers and facilities in order to obtain updated records from Plaintiffs continued treatment." Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 3, 10/2/17). Exhibit "A" to the defendants' reply provides more explanations

as to the subpoenas served in the instant case. Id. at 11-43.[2]

The Court finds that, in some instances, the defendants have not shown that multiple attempts to serve the same provider were necessary. For example, on October 28, 2016, the defendants served Family Medical Clinic Group with subpoenas at similar addresses (3785 W. Flagler Street) and (3485 W. Flagler Street). On November 2, 2016, the defendants served subpoenas on the Sunshine Wellness Clinic Corporation at two separate addresses. On December 9, 2016, the defendants served Donald L. Caress, M.D. at similar addresses (NE 25th Street and NW 25th Street). On December 9, 2016, the defendants served Julio Cruz, M.D. (Concentra Medical Center) and Julio Cruz, M.D. at the same address. On December 14, 2016, the defendants served Ingrid M. Mixter, M.D. with two subpoenas at separate addresses. It appears that these expenses could have been avoided had the service provider been contacted and the correct address been verified prior to the service of the subpoenas. The plaintiff should not bear those costs. In total, the Court finds that $1,862.00 constitutes duplicative and/or unnecessary service fees and will not allow the defendants to recover this amount.

## 2. Rush Service

The plaintiff also argues that the defendants should not be permitted to recover costs incurred for rush service of subpoenas and identifies several invoices where rush

---

[2] The defendants subsequently filed a Supplemental Bill of Costs (DE# 189, 10/2/17) which includes these additional explanations. The plaintiff did not respond to the Supplemental Bill of Costs (DE# 189, 10/2/17). Where applicable, the Court will apply the plaintiff's objections raised in response to the original Bill of Costs (DE# 166, 8/11/17) to the Supplemental Bill of Costs (DE# 189, 10/2/17).

service was billed. Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 5, 5 n.5, 9/25/17). The defendants state that they incurred rush service charges due to the discovery cutoff. See Exhibit "A" (DE# 188 at 28).

The Court finds that there were no extraordinary circumstances in this matter requiring expedited service. As such, rush service fees will not be awarded. The Court calculates the additional fee for rush service in the instant case to be $22.50 ($80.00 minus $57.50) per subpoena. The Court has already eliminated some of the "rush service" fees by disallowing costs for the service of duplicative subpoenas (some of which also included rush service fees). Rush service for the remaining subpoenas totals $247.50. Accordingly, the Court will disallow $247.50 for rush service.

### 3. Service of Own Experts

Lastly, the plaintiff argues that the defendants should not be allowed to recover for the service of subpoenas on their own experts. Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 5, 9/25/17). The defendants maintain that it was necessary to serve subpoenas on their own experts (Gregory C. Keller, M.D., Julianne Frain, Ph.D. and Linda Weseman, P.E.) because "so that if for some reason . . . said witnesses had an emergency and could not attend the trial, Defendants would have grounds for a continuance." Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 4, 10/2/17). The defendants reason that "[i]f [its] experts were not under subpoenas, the grounds for a continuance would be waived." Id. The defendants cite no authority for this proposition.

The Court will not allow the defendants to recover for the costs incurred in the service of their three experts. Accordingly $225.00 for the service of subpoenas on Dr.

8

Keller ($65.00), Dr. Frain ($80.00) and Ms. Weseman ($80.00) will be disallowed.

In sum, the Court will allow the defendants to recover **$5,659.00** ($7,993.50 minus $1,862.00 minus $247.50 minus $225.00) for the service of subpoenas.

### c. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

The defendants seek to recover $2,142.95 for ordering the deposition transcripts of Alba Cardona, Timothy Leverette, Dan Kepple, Apryl Hall, Ronald DeMeo M.D., Lawrence Alexander M.D. and Julio Robia, M.D. See Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 5, 10/2/17). The Court notes that the total fees itemized in Exhibit "B" of the Reply (DE# 188 at 45-47) is $1,954.15. The Court will start with this amount.

The defendants argue that it necessarily incurred these costs because "these witnesses were listed on Plaintiffs Fed.R.Civ.P. Rule 26(a)(1) & (2) Initial Disclosures (DE #24)" and "[a]s such, Defendants could reasonably expect these witnesses to testify at trial." Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 5, 10/2/17).

The plaintiff argues that the defendants have failed to show how the fees it incurred for printed or electronically recorded transcripts were necessary. See Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 6, 9/25/17). The plaintiff specifically states that the depositions of Mr. Kepple and Ms. Hall[3] were unnecessary because they were not used at trial. Id. The plaintiff also argues that

---

[3] Mr. Kepple and Ms. Hall were the 30(b)(6) witnesses for the two corporate defendants. See Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 6, 10/2/17).

the costs for obtaining condensed transcripts are not taxable. Id. Lastly, the plaintiff argues that the charge of $340.25 for exhibits is not taxable. Id.

The defendants respond that it was necessary to order the deposition transcripts of Mr. Kepple and Ms. Hall because the plaintiff took those depositions and "[n]aturally, Defendants requested a copy of Plaintiffs original transcript." Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 5, 10/2/17). The defendants further argue that deposition transcript costs are still taxable even if a deposition is not used at trial. Id. The defendants state that "several of the depositions were used and relied upon by Defendants at summary judgment," but fail to specify which deposition transcripts were necessary to the summary judgment motion. Id.

The courts have interpreted section 1920 to include only those costs that are "necessarily obtained for use in the case." EEOC, 213 F.3d. at 620-21 (noting that costs of deposition transcripts were, either wholly or partially "necessarily obtained for use in the case."). Whether transcripts have been "necessarily obtained for use in the case" or merely for the convenience of counsel, is to be determined on a case-by-case basis. See e.g. Desisto Coll., Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 913 (M.D. Fla. 1998).

The Court will allow the defendants to recover the costs incurred for the deposition transcripts for the listed witnesses. See EEOC, 213 F.3d at 621 ("deposition costs [are] allowable where there is no evidence that the depositions were not related to an issue in the case when the depositions were taken"). Additionally, the Court will allow the defendants to recover for the costs of the corresponding exhibits. The Court finds

that they were necessary for counsel's preparation in this case. However, the Court will disallow the costs incurred for ordering condensed copies of the transcripts because those items were ordered for the convenience of counsel and were not necessary for use in the case.

Accordingly, the defendants are permitted to recover **$1,894.15** ($1,954.15 minus $60.00) for the costs of obtaining deposition transcripts and exhibits .

### d. Fees and Disbursements for Printing

The defendants seek to recover $3,931.74 in printing costs.[4]

The plaintiff argues that the defendants have failed to carry their burden of showing how these documents "were used or intended to be used in the case." Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 7, 9/25/17). The plaintiff further states that:

> Defendants do nothing to identify or show the nature of the "records" produced for the "initial preparation of Defendants' exhibits"; and Defendants do nothing to explain how invoices dated 05/08/17 (#33928) and 06/14/17 (#34284) are not duplicative, even though both purport to be "records" for the "initial preparation of Defendants' exhibits."

Id. The plaintiff also argues that the "invoice dated 06/30/17 (#3441) is . . . excessive and duplicative" because "[a]t best, 3 copies [of binders] would suffice" and "these costs are duplicative of costs sought by Defendants for exemplifications/copies." Id.

In their reply, the defendants state that this amount "include[s] printing copies of Plaintiff and Defendants' exhibits, trial boards and binders of case law and records for use at trial." Defendants' Reply to Plaintiff's Response and Objections to Defendants'

---

[4] The numbers listed in Exhibit "C" for printing costs total $3,931.76. The Court will utilize the lower number sought by the defendants.

Bill of Costs (DE# 188 at 6, 10/2/17). The defendants submitted Exhibit "C" with their reply explaining the breakdown of these costs. Id. at 48-51.

At the outset, the Court finds that $966.15 for trial binders will be disallowed as duplicative of an entry sought to be recovered for exemplification costs. See Discussion, infra. Section 1920(4) allows for the recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case." E.E.O.C., 213 F.3d at 622. The price per copy sought by the defendants is $0.10 per copy for black and white copies and $0.89 for color copies. The total number of copies sought by the defendants (other than the excluded binders) is 25,885 black and white copies and 213 color copies. The number of copies for which the defendants seek reimbursement is unreasonable, and the defendants fail to adequately explain why such a large number of copies were necessary in this case. The Court finds that while some of the copies were necessary for the defense of this action, not all of the copies for which the defendants request reimbursement were necessary to defend this action. The Court will therefore reduce the printing costs sought by the defendants by half. The Court will allow the defendants to recover **$1,482.80** (($3,931.74 minus $966.15) divided by 2).

e. **Fees for Witnesses**

The defendants seek to recover $160.00 for witness fees. The plaintiff did not object to this cost. See Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 7, 9/25/17). Accordingly, the Court will allow the defendants to recover **$160.00** for witness fees.

### f. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies Are Necessarily Obtained for Use in the Case

The defendants seek to recover $855.95 in exemplification costs.[5] The plaintiff argues that "the costs sought by Defendants for multiple 'copies of Defendants' trial exhibits for binders for trial' is excessive and duplicative, and Defendants have failed to show that they were necessary for use in the case." Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 7, 9/25/17).

Exhibit "C" to the Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 6, 10/2/17) provides a breakdown of these costs. The defendants seek to recover $497.15 for "copies of Defendants' trial exhibits for binders for trial - 6 copies [3 for Court - Judge, Clerk and Law Clerk; 3 for Defense Counsel - Attorney, Trial Paralegal and Clients]." Id. at 51. The defendants have not explained how this charge is not duplicative of the $966.15 sought under "Fees and Disbursements for Printing" also for " Defendants' trial exhibits for Trial Exhibit Binders for trial (6 copies - 3 for Court - Judge, Clerk and Law Clerk; 3 for Defense Counsel - Attorney, Trial Paralegal and Clients)." Id. at 49. The Court will allow the defendants to recover $497.15, the lower of these two amounts for trial binders.

The total number of copies sought by the defendants (other than the permitted trial binders) is 3,033 black and white copies and 36 color copies. As with the printing costs, the number of copies for which the defendants seek reimbursement is unreasonable, and the defendants fail to adequately explain why such a large number

---

[5] The numbers listed in Exhibit "C" for exemplification costs total $855.96.

of copies were necessary in this case. The Court finds that while some of the copies were necessary for the defense of this action, not all of the copies for which the defendants request reimbursement were necessary to defend this action. The Court will therefore reduce the printing costs (other than the allowed binders) sought by the defendants by half.

The Court will allow the defendants to recover **$676.56** ($497.15 plus ($358.81 /2)) in exemplification costs.

### g. Compensation of Interpreters and Costs of Special Interpretation Services under 28 U.S.C. § 1828

The defendants seek to recover $520.00 for use of interpreters. The plaintiff does not object to this cost. Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 8, 9/25/17). Accordingly, the Court will allow the defendants to recover **$520.00** for the use of the services of an interpreter.

### h. Other Costs

The defendants seek to recover $2,275.65 for "other costs." The plaintiff argues that the "Defendants provide no explanation whatsoever regarding the intended or actual use of these documents, presumably obtained by subpoena" and "[a]s such, the Defendants' request to tax 'other costs' should be denied." Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 166) (DE# 184 at 9, 9/25/17). In their reply, the defendants state that these "other costs" are for obtaining the "Plaintiff's medical records and other related information." Defendants' Reply to Plaintiff's Response and Objections to Defendants' Bill of Costs (DE# 188 at 8, 10/2/17). The defendants have attached Exhibit "D" to their reply which includes a list of these costs.

Id. at 53-55.

The Court will allow the defendants to recover the full amount sought for these costs because they were incurred in order to obtain the plaintiff's medical records. See Bynes-Brooks v. N. Broward Hosp. Dist., No. 16-CV-60416, 2017 WL 3237053, at *4 (S.D. Fla. July 31, 2017) (stating that "so long as these costs were related to records and/or copies necessarily obtained for use in this case, they are taxable"). The defendants incurred these costs in order to obtain medical records for the plaintiff. Those records were necessary in defendants' preparation of the case. Accordingly, the Court will award **$2,275.65**.

## CONCLUSION

In total, the Court will allow the defendants to recover **$13,068.16**. Accordingly, it is

ORDERED AND ADJUDGED that the original Bill of Costs (DE# 166, 8/11/17) is **DENIED as moot**. It is further

ORDERED AND ADJUDGED that the Supplemental Bill of Costs (DE# 189, 10/2/17) is **GRANTED in part and DENIED in part**. The defendants are awarded **$13,068.16** in costs. The Court will enter a separate judgment in favor the defendants as to costs in the total amount of **$13,068.16**.

DONE AND ORDERED in Chambers at Miami, Florida this 10 day of January, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to: All counsel of record